UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CAROLYN TRIPLETT,

    Plaintiff,          Hon. Janet T. Neff

v.                  Case No. 1:10 CV 1143

JOHN E. POTTER,

    Defendant.
_____/


# REPORT AND RECOMMENDATION

    Plaintiff initiated this matter on November 18, 2010, against John Potter, United States Postmaster General. After granting Plaintiff's motion to proceed as a pauper, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. After conducting this review, the undersigned recommended that Plaintiff's complaint be dismissed.

    In response to this recommendation, Plaintiff filed a motion to amend her complaint which was subsequently granted. Having accepted Plaintiff's amended complaint for filing, the Court must again conduct an initial review thereof to determine whether such is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted"). After conducting this review, the undersigned recommends that Plaintiff's amended complaint be dismissed for failure to state a claim on which relief may be granted.

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's

allegations and construing the complaint liberally in Plaintiff's favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000).

As the Supreme Court has observed, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

In her original complaint, Plaintiff made no factual assertions in support of her claims, but instead merely asserted legal conclusions. Plaintiff also attached to her complaint a copy of a decision by the Equal Employment Opportunity Commission rejecting Plaintiff's claim that she had

been discriminated against. The undersigned recommended that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. Specifically, the undersigned observed that:

> Plaintiff's complaint does not comport with Fed. R. Civ. 8, as it states no facts in support of a claim for relief but only legal conclusion. The Plaintiff appears to rely on an appellate decision of the Equal Employment Opportunity Commission. This is not a substitute for Plaintiff's statement of facts in support of her claim. Accordingly, the undersigned recommends that this action be dismissed without prejudice.

*Id.*

Plaintiff's amended complaint, however, suffers from the very same defect as her original complaint. Plaintiff has again attached to her proposed amended complaint a decision by the Equal Employment Opportunity Commission rejecting her claims of discrimination. In her proposed amended complaint, Plaintiff asserts the legal conclusion that she is entitled to relief, but has failed to assert any facts in support of her various claims choosing instead to repeatedly write "see attached." As the Court previously stated, Plaintiff's reliance on a decision written by an Administrative Law Judge "is not a substitute for Plaintiff's statement of facts in support of her claim." Accordingly, the undersigned recommends that Plaintiff's amended complaint be dismissed for failure to state a claim on which relief may be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's amended complaint be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                             Respectfully submitted,

Date: January 24, 2011                 /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge